Mr. Justice Walker delivered the opinion of the court. This is an application fora mandamus against the judge of the Pulaski circuit court to compel him to grant an injunction. Upon examination of the bill there are two grounds for equitable interposition of the chancellor, within one of which the complainant may have intended to bring his case — confusion of boundary, or to prevent a trespass where irreparable injury is likely to occur. The complainant represents himself as the peaceable occupant of an unsurveyed tract of land belonging to the United States, on which he has made an improvement and is a resident with his family and keeps a ferry. That the tract so occupied is an island separated from the main land on each side by the river, and is not an accretion. That defendant is the owner of a tract on the river opposite to this island and claims the island as an accretion; and has sued out his writ of forcible entry and is about to dispossess him of his improvement: and prays that defendant and all others be enjoined from so doing. If the complainant intended to present a case of confusion of boundary, in order to bring his case within its provisions it was necessary for him to have alleged the fact and set forth the circumstances which produced such confusion, and have prayed a commission to ascertain and settle such confused boundary. This he has not done; but, on the contrary, he expressly states that his is an independent and distinct tract with well defined boundaries. Suppose the chancellor should attempt to send out such commission, what is there in the bill to guide or direct its execution? There must be definite tracts, specific points for starting. These the bill fails to furnish. Upon the other ground for injunction, if it be true that the land of which he is dispossessed is part of the tract held by the defendant, then complainant has no cause of complaint: on the other hand, if it is a distinct tract, as contended for by the complainant, then those who dispossess him are trespassers. There is no principle better settled than that an injunction will not be granted to restrain a mere trespass, where the injury is not irreparable and destructive of the plaintiff’s estate, but is susceptible of perfect pecuniary compensation, and for which the party may obtain adequate satisfaction in the ordinary course of law. Jerome vs. Ross, 7 J. C. R. 315. Stevens vs. Bucknan, 1 J. C. R. 318. Smith vs. Pettingill, 15 Vermont 82. Hart vs. Mayor &c. of Albany, 3 Paige 213. Ross vs. Page, Ohio Rep. 166. There is no averment in the bill that adequate remuneration at law cannot be had, or that irreparable injury would accrue to him if dispossessed; but on the contrary, from the very nature of the case as made out by himself, bond and security are given to indemnify him against loss in the premises. So that upon this point we are equally clear that the prayer of the petition should not be granted. Nor does the case come within the jurisdiction of the chancellor as a case of vexatious litigation or other equitable ground of relief in equity. The prayer of the petition is denied.